Donald Bailey, Appellee, v. Diamond T. Motor Car Company, Appellant.

Gen. No. 33,412.

Opinion filed January 6, 1930. Rehearing denied

WEST & ECKHART, for appellant; JOHN NEAL CAMPBELL and JOSEPH D. BRYAN, of counsel.

WILLIAM C. GREATMAN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover one-third of the value of an automobile truck under the provisions of paragraph 28, ch. 95, Cahill's 1927 Statutes. There was a verdict and judgment for $1,333.33 in plaintiff's favor and defendant appeals.

The record discloses that plaintiff bought an automobile truck from the defendant, the price of which was something more than $4,500; that he paid part of the purchase price and gave a chattel mortgage on the truck to secure the balance. Apparently there was default in payment and the defendant company took possession of the truck under the chattel mortgage. It then foreclosed the chattel mortgage and at the foreclosure sale the truck was sold to it for $2,700, leaving a balance which defendant claims of $727.50.

The provision of the statute upon which the suit was predicated provides that ''upon the making of said sale the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagor or some one of them in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold, from the mortgagee.''

In his statement of claim plaintiff alleged that the defendant after the foreclosure failed to give the notice required by the statute, and he further alleged that at the time of the foreclosure sale ''the reasonable value of said truck was $4,000.''

The defendant filed an affidavit of merits and set up that the notice of the sale had been given as required by the statute. Evidence was offered on behalf of the plaintiff tending to show that he had not re-

ceived the notice, while defendant offered evidence tending to show that he had mailed the notice.

After the jury were selected, counsel for plaintiff made a statement of what he expected to prove. This was followed by a statement of opposing counsel in which he stated among other things, ''we will also show you that the truck, which is the basis of this suit, was not worth at the time of the foreclosure the amount of money that is claimed by the plaintiff as the value. The plaintiff has claimed $4,000 as the value. of the truck at the time, and we will show you by evidence that it was not worth that much money.''

Afterwards, at the close of plaintiff's evidence, defendant moved the court to direct a verdict in its favor because no proof has been made of the value of the truck at the time of the sale. The motion was denied on the ground that the allegation of the statement of claim setting up the reasonable value of the truck had not been denied. Some time afterwards, during the progress of the trial, the defendant asked leave to amend its affidavit of merits so as to traverse this allegation, but the. motion was overruled.

The court instructed the jury orally on the theory that the defense of the defendant interposed, viz., that it had mailed the notice of the foreclosure as required by the statute, was an affirmative defense and, therefore, the burden was upon the defendant to prove this fact by the preponderance of the evidence. This was objected to by counsel for the defendant. While the court gave further instructions, it did not change the instructions in this respect.

We think the instruction was erroneous. The basis of plaintiff's suit was, and he so alleged in his statement of claim, that defendant had not given him the notice; therefore the burden was on him to prove this essential fact. The evidence on this point was conflicting. It was the crucial point in the case. We are

therefore of the opinion that defendant had not had a fair trial under the law, and for the giving of the instruction the judgment must be reversed.

A great deal is said in the briefs as to whether plaintiff was required to prove the reasonable value of the truck at the time in question as he had alleged, this allegation not being traversed by the defendant; and reference is made to certain paragraphs of Rule 15 of the municipal court of Chicago, which is in the record. It is argued that a paragraph of this rule is in conflict with another paragraph of the same rule on the question whether, in the state of the record, plaintiff was required to prove the reasonable value of the truck. But since we have decided to reverse the judgment on the ground of the faulty instruction we think it would serve no useful purpose to discuss this question, because upon a redocketing of the case in the municipal court undoubtedly the defendant will be given leave to amend his affidavit of merits in this particular, if he so requests.

We think we ought to say that upon the retrial of the case the court should admit evidence offered by the defendant as appears in the record tending to show that it made no charge for taking, keeping or selling the truck. This evidence was offered as tending to show that the notice of the sale, which defendant claimed to have given, complied with the statute.

The judgment of the municipal court of Chicago is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.